The People of the State of Illinois, Defendant in Error, v. Cassius M. Carr, Plaintiff in Error.

## Gen. No. 21,559.

1. DENTISTS, § 2*—*when person may not practice dentistry without license.* Under Hurd's Rev. St. ch. 91 (J. & A. ¶ 7433 *et seq.*), a person may not practice dentistry without a license unless he comes within one of the exceptions made by the statute itself.

2. DENTISTS, § 2*—*what constitutes practicing dentistry without a license.* Where defendant, in an information charging him with unlawfully practicing dentistry without a license, had no such license but taught particular methods of treating dental diseases and demonstrated on patients furnished by his students, and charged such students $175 for instruction and demonstration but did not charge the patients for such work, *held*, under all the evidence, that he was practicing dentistry without a license within the meaning of Hurd's Rev. St. ch. 91 (J. & A. ¶ 7433 *et seq.*).

Error to the Municipal Court of Chicago; the Hon. JOHN K. PRINDIVILLE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed March 15, 1916.

DARROW, BAILEY & SISSMAN, for plaintiff in error.

MACLAY HOYNE, for defendant in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Plaintiff in error, hereinafter called the defendant, was prosecuted upon an information, filed on behalf of the Illinois State Board of Dental Examiners, charging him with unlawfully practicing "dentistry, dental surgery, and other branches thereof, without first applying for and obtaining a license for such purpose from the Illinois State Board of Dental Examiners," in violation of the Act to Regulate the Practice of Dental Surgery and Dentistry. From a judgment of conviction of the Municipal Court of Chicago, imposing a fine of $50, he prosecutes this writ of error. The case was tried before the court, a jury having been waived. There is little dispute as to the facts. The evidence tends to show that the defendant was admitted to practice dentistry in Utah in 1894; that in May, 1914, he established and conducted in Illinois what he designates as "C. M. Carr's School of New Dentistry," his place of business being No. 30 North Dearborn street, Chicago; that he was still conducting the same at the time of the trial; that the defendant had invented a set of instruments (one hundred and fifty in number) which he used in the work; and that he had recently been awarded a patent covering these instruments. It is claimed that the instruments were superior to other instruments in use, especially in the treatment of pyorrhea. The course pursued in said school consisted of an explanation and demonstration of the use of said instruments; also instruction as to the proper care of the instruments. At the time of the trial about sixty-three students, all of whom were dentists regularly licensed to practice in Illinois had received instruction in defendant's school. Each of these students was required to pay the defendant $175 tuition and $175 for a set of the instruments.

The method of instruction adopted by the defendant was: After teaching the student how to keep each of said instruments in proper condition, the student would bring in one of his patients. The defendant

would then, in the presence of the student, strip, scrape, plane, polish and grind the teeth of the patient, demonstrating, as defendant states, to the student the use of the instruments. The greater part of the work, however, was done on the teeth of the different patients, by the dentists, or students, themselves. For this instruction and demonstration the defendant charged each dentist $175. None of the several patients paid anything to the defendant for this work.

Section 3, ch. 91 Rev. St. (J. & A. ¶ 7435), provides that no person shall begin the practice of dentistry or dental surgery or any branch thereof, without first applying for and obtaining a license for such purpose from the Illinois State Board of Dental Examiners. Section 5 (J. & A. ¶ 7437) of the same act provides: "Any person shall be regarded as practicing dentistry or dental surgery within the meaning of this act, who shall treat or profess to treat any of the diseases or lesions of human teeth or jaws, * * *: Provided. * * * this act shall not prevent students from performing dental operations under the supervision of competent instructors within a dental school, college, or dental department of a university recognized by the Illinois State Board of Dental Examiners." Section 16 (J. & A. ¶ 7448) of the same act provides that any person who shall practice dentistry without first obtaining a license for that purpose, shall, upon conviction, be fined for each offense not less than $50 nor more than $200.

There is contention that defendant's school has been recognized by the State Board of Dental Examiners, as provided by said section 5, and it is conceded that he has no license to practice dentistry in this State. The defendant contends that he is not practicing dentistry, but that he is teaching "particular methods of treating dental diseases," which he designates as "preventive dentistry" and that practicing dentistry within the meaning of the statute implies the practic-

ing of the same for compensation; that he does not receive compensation for the work he does on the teeth of the patients, and that he has not, therefore, violated any law of this State.

Under our statute a person may not practice dentistry without a license, unless he comes within one of the exceptions made by the statute itself. If it be conceded that what the defendant did was done solely for the purpose of teaching the use of his instruments and his "particular method of treating dental diseases," this, under all the facts shown by the evidence, would not bring him within any exception made by the statute. Nor do we think that the fact that he did not receive any compensation, if such were the fact, would do so, if the work he did actually constituted practicing dentistry as defined by the statute. We think, however, that the evidence clearly shows that he did receive compensation for what he did.

The statute expressly states what shall constitute practicing dentistry, and whether the defendant was practicing dentistry, within the meaning of the statute, was a question to be determined from what he did and not what he designated his acts to be. After a careful consideration of all the evidence in the case, we are clearly of the opinion that the defendant was practicing dentistry without a license, within the meaning of the Act to Regulate the Practice of Dental Surgery and Dentistry. The judgment of the Municipal Court of Chicago will therefore be affirmed.

*Affirmed.*